[L. A. No. 20871. In Bank. Mar. 10, 1950.]

CITY OF BEVERLY HILLS, Appellant, v. WILLIAM BRADY, Respondent.

Richard C. Waltz, City Attorney, and Richard L. Sieg, Jr., Assistant City Attorney, for Appellant.

Reed & Kirtland and Robert E. Moore, Jr., for Respondent.

SHENK, J.—Appeal by the plaintiff from an adverse judgment in an action to enjoin the defendant's alleged violation of zoning restrictions. The appeal is on the judgment roll.

Ordinance No. 443 of the city of Beverly Hills, adopted December 8, 1936, prohibits the establishment or conduct of any business in Zone R-1.5, classified as residential. The establishment or conduct of any business therein is declared unlawful. The word "business," insofar as material here, is defined as the purchase, sale or other transaction involving the handling or disposition of any article, substance or commodity for profit or livelihood, or the ownership or management of office buildings or offices. Under the heading "Use Restrictions" it is provided that no property may be used for any purpose other than that permitted for the zone in which it is located except that the city council may after notice and public hearing allow such variance as is deemed in harmony with the general purpose of the ordinance, the protection of the property, and the character of the district upon conditions consistent therewith. In the consideration of the grounds of appeal it will be assumed that the foregoing provisions of the ordinance or their equivalent were in force

prior to and during the period of the defendant's ownership and occupancy of his home which is located in Zone R-1.5.

The defendant is a licensed physician and acquired his present home in 1932. During all of the times here involved he was the author of a syndicated column devoted to discussion of health problems which is published in 130 newspapers in the United States and Canada. In the syndicated article he offers free, or for the 10- or 25-cent cost of printing and mailing, various pamphlets containing further information on subjects discussed. Each day he receives one bag of mailed requests for pamphlets and sends out daily one mailbag of pamphlets which aggregate about 150,000 pamphlets annually. The dictation and writing of his syndicated article, and the receipt and mailing of pamphlets are conducted with the help of secretaries in a room over the garage which is fitted with shelves, filing cabinets, desks and typewriters. The total annual receipts for the requested pamphlets amount to approximately $16,400, and the total annual printing, mailing and salary cost exceeds that sum by about $300. These activities, as conducted by the defendant, do not interfere with the use or appearance of his home or premises as a residence, nor do they affect the residential or aesthetic character of the district.

The trial court assumed constitutional validity of the ordinance and concluded that the defendant was not engaged in a business within the meaning thereof. Denial of the prayer for injunctive relief followed.

The plaintiff concedes that the defendant's writing of his syndicated column is not prohibited by the use restrictions of the ordinance; but contends that the additional activities amount to the conduct of a publishing business and the sale or other transaction involving the handling or disposition of a commodity which is in violation of the ordinance; that such is the case although no profit is derived or expected therefrom; and that therefore the court's conclusion and judgment are not supported by the admitted facts.

Whether the questioned activities amount to the conduct of a business depends upon the adopted definition of that word and the primary intent of the zoning restrictions. Obviously the conduct of industry pursued for profit was prohibited because of the general tendency to interfere with the residential character assigned to the district. The zoning restrictions are intended to retain the highest residential and aesthetic value to the property owners and the district. They

are general protective measures for the benefit of the residents of the district and of the community as a whole. However, a protective measure for the individual owner was also included to insure that a homemaker would not be deprived of the reasonable use of his premises.

The mere statement of the facts as they relate to the general purpose of the restrictions would appear to be a sufficient answer to the plaintiff's contentions. Unquestionably an author may answer his mail and include requested literature. Here the mailing of pamphlets is merely incidental to the writing and publication of the syndicated article, which is conceded to be a permissive use. The pamphlets are not independently advertised, nor is the defendant in the business of publishing or selling the pamphlets at a profit. His livelihood is derived from the authoring of the syndicated articles. It is not contended that the activities interfere with the general character and aesthetic harmonies of the district. It must follow that there is support for the trial court's conclusion that the defendant is not conducting a business within the meaning of the ordinance.

■ Furthermore, assuming that there is involved the sale or handling of a commodity although no profit is derived or expected, or that such activities constitute a nonresidential and prohibited use, the question then is whether the defendant could be deprived of the right, pursuant to the protective provision of the ordinance or otherwise, to pursue on his premises activities incidental to an unrestricted use when such activities do not interfere with the primarily residential character of the district or affect the aesthetic values sought to be preserved. The question may be largely one of degree. On the record the ordinance may not operate so as to deprive the defendant of the normal activities incidental to a use not prohibited by the ordinance. The correct answer is indicated by the present factual situation. Whether that condition may conceivably be affected by extensive future increase in the volume of activity in connection with the defendant's proper use of his residence premises is not now a matter for consideration. Application of zoning restrictions to particular facts is subject to investigation by the courts and each case is determinable on its individual merits. (*People* v. *Hawley,* 207 Cal. 395, 411 [279 P. 136]; *McKay Jewelers, Inc.* v. *Bowron,* 19 Cal.2d 595, 603 [122 P.2d 543, 139 A.L.R. 1188].) The conclusion of the trial court is warranted by a considera-

tion of the particular factual situation and requires no further citation of authority to justify it.

The judgment is affirmed.

Edmonds, J., Carter, J., Schauer, J., and Spence, J., concurred.